UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARKUS CRAWFORD,            )<br>      Plaintiff,                 )<br>                             )<br>     v.                         )<br>                             )<br>MICHAEL F. SHEAHAN, former   )<br>Sheriff of Cook County, in his individual )<br>Capacity;                    )<br>COOK COUNTY, ILLINOIS;       )<br>John / Jane Doe, Director of Cermak Health )<br>Care Services, in his or her individual )<br>capacity,                    )<br>      Defendants.                )  | No. 07 C 7041<br>Honorable U.S. District<br><br>Judge Marvin E. Aspen |

**MOTION BY SHERIFF OF COOK COUNTY and COOK COUNTY
TO DISMISS THE COMPLAINT**

NOW COME Defendants, COUNTY OF COOK, and SHERIFF OF COOK COUNTY, Chief Operating Officer of Cermak Health Services, by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Francis J. Catania, and move this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. In support thereof, Defendants state as follows:

### I. INTRODUCTION AND FACTUAL ALLEGATIONS

Plaintiff brings this action, pursuant to 42 U.S.C. §1983, against the County of Cook and Michael F. Sheahan, former Sheriff of Cook County, in his individual capacity (and unknown Medical Director, individually, as well). The Complaint ["Complaint"] alleges the following facts: plaintiff was admitted to the Cook County Department of Corrections on March 27, 2004. Plaintiff complains that he was subjected to the non-consensual insertion of a swab into his penis (Complaint ¶3). Plaintiff alleges that the insertion of a swab into each plaintiff's penis

1

"constituted unauthorized medical procedure" and caused pain and suffering [Complaint ¶3] Plaintiff is seeking compensatory and punitive damages. Plaintiff alleges he filed an opt-out form in order to pursue his own separate and independent action [Complaint ¶1] alleging the same violations as the Class Action in *Jackson et al. v. Sheriff, et al.* 06 CV 493. [Complaint ¶2 and Jackson "Corrected Amended Complaint" pages 1-4, attached to Complaint]. The *Jackson* "Corrected Amended Complaint" was filed on January 31, 2006 as certified by class counsel Kenneth N. Flaxman. [Attachment to Complaint, p. 4] or on February 1, 2006 as stated in Complaint [Complaint ¶1 and footnote 1]. The Class Action was certified as a class action on December 14, 2006 [Complaint ¶1]. Plaintiff filed an opt-out form on September 28, 2007. [Attached as Exhibit A, opt-out of Markus Crawford]. Plaintiff filed this suit on December 20, 2007. Plaintiff mailed his suit from Pontiac Correctional Institution on December 10, 2007. [See Case Document #3 "APPLICATION by Plaintiff Markus Crawford for leave to proceed *in forma pauperis* (ef, ) (Entered: 12/18/2007)" and final page of the same, containing certification of mailing] (attached hereto as exhibit B).

## II.     STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b) (6) authorizes dismissal of complaints that do not state an actionable claim. The Supreme Court reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S.Ct. 1160, 1163 (1993). However, a court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim…" *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1988). A

plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Furthermore, it should be noted that "litigants" may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). Plaintiff alleges he seeks to pursue his own action in lieu of the Class Action of which he may be a member.

The commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (U.S. 1974). There is a significant limitation on *American Pipe* tolling. The filing of a putative class action complaint tolls the period of limitations only for claims that are identical to the claims asserted in the putative class action complaint. *Johnson v. Railway Express Agency*, 421 U.S. 454, 467 n.14, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1975). The "tolling rule of *American Pipe* . . . should not be read . . . as leaving a Plaintiff free to raise different or peripheral claims following denial of class status." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983) (Powell, J, concurring). "It is important to make certain . . . that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit." Id. at 355. In addition, dismissal is proper for failure to plead the exhaustion of all administrative remedies. Crawford does not, and clearly could not, plead that he exhausted all administrative remedies as required in *Massey v. Wheeler*, 221 F.3d 1030 at 1034 (7th Cir. Ill. 2000).

### III.   ARGUMENT

The Complaint caption seeks to hold <u>individuals</u> liable for perceived harms even though no claims are actually made against individuals and adds claims not raised in the class case.

A. **THOUGH SPECIFYING THIS IS A CLAIM AGAINST THE FORMER SHERIFF IN HIS INDIVIDUAL CAPACITY, PLAINTIFF FAILS TO ALLEGE ANYTHING AGAINST THE SHERIFF AND SHOULD BE DISMISSED**

The Caption specifies that Sheahan and unknown Director of Cermak Health Services are sued in their individual capacities for a violation of the 4th amendment and 14th amendment. The complaint fails to allege any individual capacity claims against Michael F. Sheahan, Former Sheriff of Cook County. The complaint is devoid of any facts to sustain allegations of claims against the named defendants in their individual capacities and more importantly is devoid of any conclusions against the named defendants from which notice of the claims can be inferred. To prove an individual capacity claim, the plaintiff must prove two elements: (1) that the defendant was acting under color of state law; and (2) that the conduct of the defendant deprived the plaintiff of his federal rights. *Procopio v. Johnson*, 994 F.2d 325, 328 (7th Cir. 1993). Plaintiff must prove that the particular defendant sued, caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982)(citations omitted). The Seventh Circuit reaffirmed the requisite direct participation requirement to state an individual capacity claim. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). The plaintiff must show that the defendants knowingly, willfully or at least recklessly caused an alleged deprivation by their own action or failure to act. *Rascon v. Handiman*, 803 F.2d 269, 274 (7th Cir. 1986).

State officials do not violate the Fourteenth Amendment rights of pretrial detainees unless the officials act with deliberate indifference. *Salazar v. Chicago*, 940 F.2d 233, 238. The Seventh Circuit held that neither negligence nor gross negligence violates the due process clause. *Id*. Furthermore, the *Salazar* Court held:

> [O]nly intentional or reckless conduct violates the due process clause (citation omitted). By reckless conduct we mean conduct that is reckless in the criminal sense; that is, conduct that reflects complete indifference to risk -- when the actor does not care

4

>whether the other person lives or dies, despite knowing that there is a significant risk of death. Id.

Clearly, in this case, there are no facts alleged in Plaintiff's Complaint that could prove that Sheriff Sheahan or unknown Medical Director acted intentionally or with recklessness. Allegations must be substantive and go beyond merely placing a defendants name in the caption of the complaint, *Potter v. Clark*, 497 F.2d 1206, 1207-8, (7th Cir. 1974), and they must go beyond what a defendant should have known. *Pacelli v. DeVito*, 972 F.2d 871, 875 and 878 (7th Cir. 1992).

Defendant Sheriff Sheahan and unknown Medical Director are entitled to qualified immunity if they are sued in their individual capacity. See *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106 (1985). Governmental officials performing discretionary functions have qualified immunity from civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). The plaintiff bears the burden of proving the violation of a clearly established constitutional right. *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988), *cert. denied* 488 U.S. 968 (1988). The Seventh Circuit has interpreted the phrase "clearly established" to mean that the right must be sufficiently particularized to put potential defendants on notice that their conduct probably is unlawful. *Colaizzi v. Walker*, 812 F.2d 304, 308 (7th Cir. 1987) quoting *Azeez v. Fairman*, 795 F.2d 1296, 1301 (7th Cir. 1986).

The Complaint, by attaching the *Jackson* Corrected Amended Complaint, intends to sue for the claim set out in that case. That case dealt with a 4th Amendment Claim alleging an intrusive infringement of Plaintiffs' privacy rights. As defined by Judge Coar, "[t]he "predominant" question is whether or not Defendants unconstitutionally performed the screening

process without achieving valid consent from the prisoners . . . The putative plaintiff class consists of "[a]ll male prisoners at the Cook County Jail who, on and after January 27, 2004, was [sic] subjected to the non-consensual insertion of a swab into this penis as part of his admission to the jail." Cert. Mot. at 1. (See *Jackson* et al. Case 1:06-cv-00493 Document 101, filed 12/14/2006 pages 2 and 11.)

In light of the rule that "tolling [ ] of *American Pipe* . . . should not be read . . . as leaving a Plaintiff free to raise different or peripheral claims following denial of class status." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). Plaintiff should not be permitted to proceed on the claims found in paragraphs 6, 7, 8, 9, 10, and 11 because they are not the claim made in the class action case which was settled among the parties and approved by the court. To allow those to proceed constitute allowing peripheral claims that are far outside the 4th amendment search without consent found by the court.

B.  **PLAINTIFF FAILS TO PLEAD EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

This Court should also consider here that Crawford failed to complete the jail grievance process. This is a shortcoming is admitted by the complaint wherein he fails to fill out section III of the form complaint by stating "(Does not apply)." Even if plaintiff contends that he need not exhaust his administrative remedies because his attempts would be futile, the cases illustrate that an attempt at exhaustion is required nonetheless. See *Porter v. Nussle*, No. 00-853, 534 U.S. 516, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6, 149 L. Ed. 2d 958, 121 S. Ct. 1819 (2001); *McCoy v. Gilbert*, 270 F.3d 503, 511 (7th Cir. 2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez,* 182 F.3d at 536-37. *Delgado-Brunett v. Lappin*, 32 Fed. Appx. 766, 766-767 (7th Cir. Ind. 2002). That exhaustion

opportunity presented itself in March 2004, yet plaintiff did nothing. He even chose to avoid answering why he did not file a grievance as Section III paragraph (H) asks.

"[I]n any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim." *Daniels v. Williams*, 474 U.S. 327, 330 (U.S. 1986) Plaintiff has alleged 14th Amendment due process claim. If perchance the jail authorities are violating Plaintiffs' common law rights, the remedy is a proceeding in Illinois court under Illinois law; an error of state law is not a denial of federal due process. *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554, 564 (7th Cir. 1986), and *Azeez v. Fairman*, 795 F.2d 1296, 1299 (7th Cir. 1986).

In *Estelle v. Gamble*, the Supreme Court noted while deliberate indifference to serious medical need could amount to a deprivation of a prisoner's constitutional rights, negligence alone does not constitute such a violation. *Estelle*, 429 U.S. at 104-06. The court stated that the complaint must allege conduct that is "repugnant to the conscience of mankind" or "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle*, at 102, 105-6. In other words a plaintiff must allege facts sufficient to show that "the defendants had actual knowledge that there was a substantial risk that [the plaintiff] might die or suffer grievous harm…and, despite such knowledge, deliberately imposed such a risk on [the plaintiff]." *Salazar v. City of Chicago et al.*, 940 F.2d 233, 238 (7th Cir. 1991).

The court in *Farmer v. Brennan*, 114 S.Ct. 1970, 1980 (1994) analogized deliberate indifference to recklessness as defined by criminal law. "An act is reckless in the pertinent sense when it reflects complete indifference to risk--when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)(en banc)(emphasis added) Mere negligence or even

7

gross negligence does not amount to deliberate indifference. *Id*. An objectively safe procedure cannot be the basis for a constitutional claim under *Estelle* and *Farmer*.

In this case, Plaintiff's Complaint fails to reach the standard set by the cases because it fails to allege deliberate indifference to a serious risk of harm. In fact it only hints that the risk of harm is discomfort [Complaint ¶8]. Therefore, the complaint should be dismissed for failure to state a claim.

C. **THERE IS NO INDIVIDUAL CAPACITY LIABILITY AGAINST UNNAMED DIRECTOR, CERMAK HEALTH SERVICES AND OFFICIAL CAPACITY ALLEGATIONS ARE REDUNDANT ONCE THE ENTITY IS SUED; THEREFORE THEY ARE BARRED BY RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs bring this action naming County of Cook itself as well as unnamed director(s) of Cermak Health Services. There is nothing in the Complaint constituting an individual capacity claim. The naming of Director is therefore redundant to claims against the entity itself. Official capacity claims are unnecessary in cases where the governmental entity has also been sued, since all of the claims involve identical issues and the entity will indemnify the officials in the event of a judgment against them. *Gianessi v. City of Pekin*, 52 Fed. Appx. 265, 267 (7th Cir. 2002). County of Cook is named and has appeared through counsel.

Since official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent, because a plaintiff can recover against only the entity's assets, official capacity suits are redundant and improper. Regarding § 1983 individual-capacity suits, the Seventh Circuit has stated: The doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997)

Therefore, the claims against the unnamed County official in his/her official capacity are not pleaded properly, and should be dismissed.

**D.    QUALIFIED IMMUNITY PRECLUDES THIS SUIT AGAINST THE SHERIFF AND THE UNNAMED DIRECTOR OF CERMAK AND THEY SHOULD NOT BE REQUIRED TO UNDERGO EXPENSIVE DISCOVERY IN DEFENSE OF THESE CLAIMS**

Government defendants in actions under 42 U.S.C.S. § 1983 are insulated by qualified immunity if the rights sought to be asserted by a plaintiff are not clearly established within the meaning of that concept as defined by relevant case law. Section 1983 defendants in the position of Director of Cermak Health Services are insulated by qualified immunity if the rights sought to be asserted by a plaintiff were not "clearly established" within the meaning of that concept as defined in *Anderson v. Creighton*, 483 U.S. 635, 638-40, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987) and its numerous progeny. In this instance the established case law has not announced that constitutional violations exist under circumstances comparable (either in fact or in law) to those alleged here. The *Jackson* claim was predicated on the issue of consent. It was essentially conceded by the Plaintiffs in Jackson that each had signed a medical consent form. The legal issue of testing in light of written evidence of consent was certainly not "clearly established" at the time, therefore qualified immunity can be raised by the defendants.

Thus qualified immunity serves as an independent basis for the dismissal of this action. And because *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982) teaches that the qualified immunity issue should be addressed early on (even before discovery has taken place), that independent ground properly should be granted in favor of the Defendants.

**WHEREFORE**, the Complaint contains redundant allegations mulcting both the governmental entity, County of Cook, and an official of that entity and under Rule 8 redundant claims should be stricken. Additionally, the Complaint states constitutional violations not raised

9

or pursued in the *Jackson* Class Action. Since there is no allegation of deliberate indifference regarding the implementation of medical tests the Complaint fails to state a cause of action. The Director of Cermak is qualifiedly immune since the law is clearly unsettled whether conducting a test involving taking a medical sample even approaches a violation of a constitutional right.

Therefore, the Corrected Amended Complaint should be dismissed as it applies to the County of Cook and the Director of Cermak and the Court should make the order final and appealable, and the court should enter an order granting the Defendants costs incurred in defending the action.

>Respectfully submitted,
>RICHARD A. DEVINE
>State's Attorney of Cook County

By: /s/ Francis J. Catania
Francis J. Catania, one of the Attorneys for County of Cook

Francis J. Catania #ARDC 6203188
RICHARD A. DEVINE
Cook County State's Attorney
Richard J. Daley Center
50 W. Washington Street, Room 500
Chicago, IL 60602
(312) 603-6572