UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MARKUS CRAWFORD, pro se, )
          Plaintiff, )
)
-vs- ) Case No. 07 C 7041
)
MICHAEL SHEAHAN, et al., )
          Defendant(s). )

### PRO SE MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS

**NOW COMES** Plaintiff MARKUS CRAWFORD, pro se (hereinafter, the "Movant"), and respectfully moves this Honorable Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an ORDER striking defendants' motion to dismiss plaintiff's pro se complaint based on such motion to dismiss being, inter alia, immaterial or impertinent and/or frivolous. In support thereof, movant states as follows:

**Grounds for motion**

1.    That he reasonably believes and asserts that he is entitled to a favorable ruling upon the instant motion because:

    a. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where defendants were under explicit instructions of this Court to "respond" to plaintiff's complaint, yet failed to: respond or file responsive pleadings (q.v.)(See EXHIBIT A at page 2, line 11.);

    b. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where said motion is based upon, inter alia, an unreasonable assumption that plaintiff failed to state a claim in stark contrast of this Court concluding that the "plaintiff has articulated a colorable federal cause of action * * * (cites omitted)"

(See EXHIBIT A at page 2, lines 3-7.)

In Cruz v. Beto, 405 U.S. 319, 322 (1972), the United States Supreme Court stated that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In the instant case, the defendants seeks an order of dismissal on the basis that plaintiff failed to state a claim without making a showing that "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief," and completely disregard this Court's record containing this Court ruling to the contrary; also see 61A Am Jur 2d §§ 90, 102, and 109;

    c. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where said motion is based upon, inter alia, the application of the incorrect legal standard to plaintiff pro se pleadings, in particular, where the legal analysis contained in the defendants' motion to dismiss has a lack or want of the relevant law relating to the interpretation or construction of pro se pleadings resulting in heighten pleading standard as observed in the case of Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (stating that in considering a motion to dismiss, a pro se complaint should be held to less strict standards than a motion drafted by a lawyer.); also see 61A Am Jur 2d §§ 90, 102, and 109;

    d. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where defendants unreasonably seeks a dismissal with prejudice in a pre-responsive pleading stage without affording plaintiff any opportunity to amend his complaint, despite the fact that said defendants know or reasonably should have known that plaintiff has a right to at least one amendment to his pro se pleading as a matter of course, yet such defendants encourages this Court to act contrary to this legal

norm;

    e. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where defendants unreasonably claims plaintiff has failed to exhausted his claims based on the defendants' misassumption that plaintiff was advancing different claim than the class action he opt-out of, despite the fact that this Court has specifically noted in its December 20, 2007 Order that "plaintiff reports that he opted out of a recently-resolved class action relating to the same issues * * * (cite omitted)" (See EXHIBIT A at page 1, lines 5-6.) Moreover, once the court in Jackson v. Sheriff of Cook County, et al., Case No. 06 C 0493 was certified as a class action <u>all</u> unnamed parties in interest were considered exhausted under the doctrine of vicarious exhaustion and therefore plaintiff was under the impression that the grievance portion of this Court's local form did not apply; (See Rule 23(2) of the Federal Rules of Civil Procedure)

    f. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where defendants' motion to dismiss is based on them raising a factual dispute which precludes resolution of the instant cause with a motion to dismiss, in particular, defendants raises an issue that such medical procedure was "safe" (defendants' motion to dismiss at page 8, line 1.) contrary to plaintiff's verified pro se complaint;

    g. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where said defendants has a no-answer default in the instant cause;

    h. defendants' February 2, 2008 motion to dismiss plaintiff's December 20, 2007 pro se complaint is immaterial or impertinent and/or frivolous where defendant claims a qualified immunity defense based their misassumption that the

specific right asserted was not clearly established at the time of the alleged conduct, however, again the defendants have failed to give adequate consideration to this Court's record, in particular, where this Court specifically noted in its December 20, 2007 Order that "inmates have a constitutional interest in being able to decline unwarranted medical procedures * * * (citations omitted)" (See EXHIBIT A at page 2, lines 8-12.)

Because of such fact, the movant asserts that this Court should grant the instant motion.

## PRAYER FOR RELIEF

WHEREFORE, movant prays that this Honorable Court grant him the following:

1) An ORDER striking defendants' February 2, 2008 motion to dismiss plaintiff's complaint;

2) An ORDER reinstating any technical defaults defendants procured against them prior to their requests for extensions to file an Answer or responsive pleadings;

3) An ORDER imposing sanctions upon the defendants by dismissing with prejudice in plaintiff's favor;

OR

4) An ORDER granting any relief this Honorable Court deems he is entitled to, in the interest of doing substantial justice between the parties.

/s/ Markus Crawford
MARKUS CRAWFORD

PONTIAC CORRECTIONAL
CENTER, UNDER REGISTRY
N30639,
700 W. LINCOLN AVE.,
PONTIAC, IL. 61764.

## VERIFICATION

I SWEAR under the penalties of perjury as provided by 18 USC 1746, that the foregoing matter is true and correct to the best of my knowledge, except those

matter based on information and belief.

Date: 06-20-2008.

/s/ [signature]
Affiant

**EXHIBIT A**

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MARVIN E. ASPEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7041 | **DATE** | 12/20/07 |
| **CASE TITLE** | Markus Crawford (#N-30639) vs. Michael Sheahan, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $2.14 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]          Docketing to mail notices.



## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by subjecting him to an illegal search and seizure. More specifically, the plaintiff alleges that he was required to submit to a non-consensual test for sexually transmitted diseases that involved the insertion of a cotton swab into his penis. [The plaintiff reports that he opted out of a recently-resolved class action relating to the same issues. *See Jackson v. Sheriff of Cook County, et al.*, Case No. 06 C 0493 (N.D. Ill.).]

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.14. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

**EXHIBIT A**

Page 1 of 2

| STATEMENT (continued) |
|---|

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action. Warrantless searches are presumptively illegal. *See, e.g., Kyllo v. U.S.*, 533 U.S. 27, 32 (2001); *Jackson v. Sheriff of Cook County*, No. 06 C 0493, 2007 WL 917388, at *3 (N.D. Ill. Mar. 23, 2007) (Coar, J.), quoting *U.S. v. Gamble*, 473 F.2d 1274, 1276 (7th Cir. 1973). In addition, inmates have a constitutional interest in being able to decline unwarranted medical procedures. *Russell v. Richards*, 384 F.3d 444, 447 (7th Cir. 2004) (ultimately holding, however, that a jail's policy of directing new inmates to use delousing shampoo did not violate their due process right to be free from unwanted medical treatment); *Cruzan v. Dir. Missouri Dept. of Health*, 497 U.S. 261, 278-79 (1990). While a more fully developed record may establish that the challenged practice did not violate the plaintiff's constitutional rights, the defendants must respond to the complaint.

The clerk shall issue summonses forthwith and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees or medical staffers who no longer can be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

*[signature]*

IN THE
UNITED STATES DISTRICT COURT
Northern DISTRICT OF Illinois EASTERN DIVISION

Markus Crawford )
Plaintiff/Petitioner )
)
Vs. )   No. 07 C 7041
)
Micheal Sheahan et. Al. )
Defendant/Respondent )

## PROOF/CERTIFICATE OF SERVICE

TO: clerk of court
219 S. Dearborn
Chgo. IL. 60604
% prisoner Correspondence

TO: Francis J. Catania Atty
500 Richard J. Daley Center
Chgo. IL. 60602

PLEASE TAKE NOTICE that on 6-23, 2008, I placed the documents listed below in the institutional mail at Pontiac Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service Original And two copies (To clerk) of defendants Pro Se motion to strike Defendants Motion to dismiss And one copy to Defendants

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: 6-23-08

/s/ Markus Crawford
Name: Markus Crawford
IDOC No. N30639
Pontiac Correctional Ctr
POB 99
Pontiac, IL 61764