**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Marcus Crawford, | ) | |
|     Plaintiff, | ) | 07 C 7041 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Marvin Aspen |
| Michael Sheahan et al., | ) | |
|     Defendants. | ) | |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT**

NOW COME Defendants Michael Sheahan et al., by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, Francis J. Catania, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in reply to Plaintiff's *Pro Se* Motion to Strike Defendants' Motion to Dismiss [which we take as a Reply to Defendants' Motion to Dismiss] again move this Honorable Court to dismiss the Plaintiff's Complaint. In support thereof, the Defendants state as follows:

**I.   Defendants' Properly Responded to the Plaintiff's Complaint as Instructed**

Plaintiff correctly asserts that Defendant was under order by the Court to "respond" to the Plaintiff's Complaint. However, Plaintiff incorrectly asserts that the form of the response in the form of a 12(b)(6) motion to dismiss is improper. Defendant has adequately responded to the Complaint by filing such motion. Plaintiff incorrectly assumes that Defendants were specifically ordered to file an answer to the complaint. However, the language of the order makes no reference to being instructed to file a specific type of response.

Under Section 12 (b) of the Federal Rules of Civil Procedure every defense to a claim for relief in any pleading must be asserted in the responsive pleading, if one is required. Additionally, a party may assert a defense by motion. A motion asserting a defense of failure to

1

state a claim upon which relief can be granted **must** be made before pleading. Upon receiving the Plaintiff's Complaint Defendant filed a motion to dismiss based upon their contention that Plaintiffs failed to state a claim upon which relief could be granted. According to Rule 12(b) of the Federal Rules of Civil Procedure Defendants' motion was made at the appropriate time and in the appropriate manner.

## II.     Plaintiff Failed to Exhaust Administrative Remedies

Plaintiff argues Defendants' Motion to Dismiss is improper where it argues Plaintiff has not satisfied the PLRA requirement of exhaustion of administrative remedies. Plaintiff was previously a member of a class-action lawsuit which involved claims of $4^h$ and 14th Amendment violations. Plaintiff opted-out in order to independently pursue his claims. In order to opt-out of a class and pursue the claim independently the issues from the previous suit must be the same as those in the subsequent suit. Plaintiff argues that since this Court noted in its December 20, 2007 Order that "plaintiff reports that he opted out of a recently-resolved class action relating to the same issued," this is dispositive that the issues in the present case are the same as those in the previous class action. (See Statement of the Court, at page 1, lines 5-6). However, in the previous class action the issues involved the violation of 4th and 14th Amendment based on unlawful searches and seizures. In the present case, Plaintiff includes allegations of specific physical and emotional harm incurred as a direct and proximate result, not of illegal search and seizure, but of medical negligence and intentional tort. He has added issues to this case that were not contained in the previous class action that he opted out of. As such, he is required to show that he has exhausted all available administrative remedies with regard to the new issues which he raises. This deficiency is admitted by the complaint wherein he fails to fill out section III of

the form complaint by stating "(Does not apply)." Based on the fact that that Plaintiff has failed to exhaust his administrative remedies Defendants' Motion to Dismiss should be granted.

Plaintiff asserts that once the court certified the class in *Jackson v. Sheriff of Cook County, et al.*, all unnamed parties in interest were considered exhausted under the doctrine of vicarious exhaustion and therefore the grievance portion of this Court's local form did not apply. However, Plaintiff cites no law supporting this position. Defendants searched and have not found anything directly on point.

### III.   Defendant Correctly Asserts that Plaintiff Has Failed to State a Claim Upon Which Relief can be Granted

Plaintiff contends that Defendants are incorrect when they assert that Plaintiff has failed to state a claim upon which relief can be granted.  As a preliminary matter the Court has concluded that "Plaintiff has articulated a colorable federal cause of action"; however, Plaintiff still has failed to state a claim upon which relief can be granted for the following reasons: Plaintiff has failed to exhaust his administrative remedies[1]; Plaintiff has failed to allege any facts that suggest individual liability on the parts of the Defendants.  In addition the language that the court uses to allow the complaint to go forward suggests that they were concerned with issuing summons for the particular parties rather than stating that Plaintiff has states a claim upon which relief can be granted.

Plaintiff correctly states the standard in *Cruz v. Beto*, 405 U.S. 319 (1972), by which a Court is to determine whether or not to dismiss a complaint for failing to state a claim upon which relief can be granted.  However, Plaintiff's contention that the Defendants have not made a showing that "beyond reasonable doubt that plaintiff can prove no set of facts in support of his

---

[1] Defendants are mindful that pursuant to *Jones v. Bock*, 549 U.S. 199 (US 2007)  they must plead and prove failure to exhaust under PLRA because it is an affirmative defense; however plaintiff admits 1) he is a prisoner and therefore subject to the exhaustion requirement and 2) he did not exhaust administrative remedies because he feels it unnecessary.

3

claim which would entitle him to relief," is erroneous. The Defendants, in their Motion for Dismissal, have demonstrated that the Plaintiff has failed to allege any facts which support his allegations that Defendants were **individually** liable. Also, Defendants articulate that Plaintiff has failed to exhaust his administrative remedies. As such, he is not entitled to bring the instant case and therefore he unable to prove any set of facts in support of his claim which would entitle him to relief. [See *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008) and 42 U.S.C. 1997 e (a).]

### IV.   Defendants' Motion is Proper since it is not Mooted by an Amended Complaint

Plaintiff has alleged that Defendants' Motion to Dismiss should be ordered stricken because Defendant Unreasonably seeks such dismissal without affording Plaintiff any opportunity to amend his complaint. While Plaintiff correctly states that he as a right to file an amended complaint, this portion of the response should be disregarded because until the Court issues an opinion either granting or denying the motion, which it has not, Plaintiff is free to file an amended complaint. The Defendant's current Motion to Dismiss has no bearing on the right to request leave to file an amended complaint.

### V.   Plaintiff's Contention that Defendants Raise a Factual Dispute and thus Dismissal is Improper is a Non-Issue

Plaintiff argues that Defendants raise a factual dispute regarding whether the medical procedure (inserting a swab into the Plaintiff's penis) was "safe". Plaintiff opines that Defendant's Motion to Dismiss is thus, impertinent. (See Plaintiff's Motion to Strike Defendants' Motion to Dismiss at page 3, ¶ f). While Plaintiff is correct in asserting that the "safety" of a procedure is a matter of "fact", this is a non-issue. The only issues preserved from the class action lawsuit are those regarding the 4th Amendment violation, made applicable to the States by the 14th Amendment. Anything relating to the medical testimony and issues regarding

Plaintiff's physical maladies is irrelevant in the instant case. Thus, the Defendants' Motion to Dismiss is proper based on the actual issues involved in the case.

## VI. Defendants Are Not in Default

Plaintiff's argument that Defendants have a no-answer default in the instant case is erroneous. Any technical default against Defendants has been vacated by the Court, yet Plaintiff maintains that since Defendants failed to file an answer they are in default. Defendants have properly filed a 12(b)(6) motion to dismiss, and as such they have properly responded. Therefore, there is therefore no default in this case, and Plaintiff's argument necessarily fails.

## VII. Defendants' Qualified Immunity Defense is Properly Raised

Plaintiff argues that Defendants' Motion to Dismiss is improper because the specific right of the plaintiff to decline unwarranted medical procedures was clearly established at the time of the alleged conduct. In support of this argument Plaintiff cites the Court Order of December 20, 2007 in which the Court notes, "inmates have a constitutional interest in being able to decline unwarranted medical procedures." (See Statement of the Court, at page 2, lines 8-12). However, the law regarding the Plaintiff's written consent for this medical procedure, in the context of a jail medical screen, was not clearly established at the time of the alleged conduct. In addition, the Court has not made any fact determination for this case where it allows a complaint to proceed on §1915 review. As such, Defendants may present a qualified immunity defense.

## VIII. Defendants' Correctly Cite the Legal Standard Regarding Pro Se Pleadings

Plaintiff maintains that Defendants argue the application of the incorrect legal standard regarding pro se pleadings. Plaintiff relies on *Conley v. Gibson*, 355 U.S. 41 (1957), to argue that when considering a motion to dismiss, a *pro se* complaint should be held to less strict standards than a motion drafted by a lawyer. Nowhere in *Conley v. Gibson* is there a reference to

or wording suggesting that pro se complaints will be held to a less strict standard. The *Conley* case stands for the proposition that a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 355 U.S. 41 at 47 (1957). Also, *Conley v. Gibson* has been overruled in part by *Bell Atl. Copr. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007), with regard to the standard which a complaint must be held in considering a 12(b)(6) motion to dismiss. The court in *Bell Atlantic* stated:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 1963.

Based on the Court's holding in *Bell Atlantic*, Defendant has correctly stated the standard by which any complaint is to be evaluated when determining a motion to dismiss. Defendants are correct in asserting that Plaintiff's Complaint must allege facts sufficient enough to state a claim upon which relief can be granted. Plaintiff has failed to do so for reasons set forth in the preceding Argument III.

## CONCLUSION

WHEREFORE, Defendants again respectfully ask this Honorable Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

RICHARD A. DEVINE  
State's Attorney of Cook County

By:   s/Francis J. Catania   ARDC #6203188  
Francis J. Catania, Assistant State's Attorney  
Elizabeth A. Cocat, Senior Law Student  
Richard J. Daley Center  
50 W. Washington St., Room 500  
Chicago, IL 60602  
(312) 603-6572
