UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 7041 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Marvin Aspen |
| MICHEL SHEAHAN, former Sheriff of | ) | |
| Cook County, in his individual capacity; | ) | Magistrate Judge Brown |
| COOK COUNTY, ILLINOIS; | ) | |
| JANE/JOHN DOE, director of Cermak Health | ) | |
| Care Services, in his or her individual capacity. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants Michael Sheahan and COUNTY OF COOK, through their attorney RICHARD A. DEVINE, STATE'S ATTORNEY OF COOK COUNTY by his Assistant State's Attorney Francis J. Catania, and for their answer to Plaintiff's Amended Complaint filed August 1, 2008 state as follows:

1. As a matter of public record, on or about, February 1, 2006, Robert Jackson, Joseph McGrath, and Derrell Smith entered a joinder and sought class certification in a cause filed against the defendants named herein before this court.[1] On December 14, 2006, United States district Judge David H. Coar ordered that the case could proceed as a class action. The court denied cross motions for summary judgment on March 23, 2007, and set the case for trial on June 18, 2007; after the parties filed a joint pre-trial order and were fully prepared for trial, counsel for the parties were able to negotiate a settlement. Subsequent to receiving notice of said

---

[1] A true and correct copy of a February 1, 2006 "CORRECTED AMENDED COMPLAINT" of Robert Jackson, Joseph McGrath, and Derrell Smith, is attached hereto, and incorporated as "     exhibit a"

1

settlement, plaintiff MARKUS CRAWFORD filed a written motion to opt-out of the instant class in order to file a separate and independent action.

    ANSWER:    Defendants admit the allegations in this paragraph 1.

2.    Upon personal knowledge, on or about, March 27, 2004, plaintiff MARKUS CRAWFORD was admitted to the Cook County Jail as a pretrial detainee under defendant MICHAEL SHEAHAN custody and control. As a part of plaintiff admission to the jail, he was subjected to a non-consensual insertion of a swab into his penis.

    ANSWER:    Defendants deny the allegations in this paragraph 2.

3.    Upon personal knowledge, the insertion of swab into the plaintiff's penis, unreasonably invaded his privacy, constituted an unauthorized medical procedure, and caused plaintiff personal injury and discomfort.

    ANSWER:    Defendants deny the allegations in this paragraph 3.

4.    At the direction of an unknown Cook County Sheriffs, Plaintiff was forced without his consent to undergo the aforementioned test for determining, if, he had any sexually transmitted diseases, commonly referred to as a "S.T.D." test, which was administered to plaintiff by a person unknown to plaintiff, but plaintiff is informed and believes that such person was a health officer of Cermak Health Services, as matter of personal knowledge.

    ANSWER:    Defendants deny the allegations in this paragraph 4.

5. The unknown health officer conducted the aforesaid test while using facilities present at Cook County Jail, which facilities were owned and maintained by Cook County, Illinois for the use and benefits of its Sheriff department, as a matter of personal knowledge.

ANSWER: Defendants deny the allegations in this paragraph 5.

6. The aforesaid test was performed in a pre-assembled cubicle surrounded by holding reserved for new admissions of pre-trial detainees; releases; and overflow of pre-trial detainees returning from court at the Cook county Jail. During the administration of said test, and without any previous physical examination having been made of plaintiff nor an adequate medical record, a foreign substance was inserted in the plaintiff's penis where prior to a swab being inserted in his penis, such swab was dipped in a liquid. The precise content and character of this foreign substance was not made known to plaintiff, as a matter of personal knowledge.

ANSWER: Defendants deny the allegations in this paragraph 6.

7. Upon personal knowledge, the insertion of a swab dipped in a foreign substance into plaintiff's penis was conducted in a manner reasonably calculated to spread disease; the person who inserted the swab into plaintiff penis wore the same gloves when he inserted a swab into the penis of numerous other pre-trial detainees.

ANSWER: Defendants deny the allegations in this paragraph 7.

8. At the time of the test, plaintiff was not suffering from disease or disability whatever, but a short while after plaintiff was subject to this test he suffer extreme swelling in the lining of the urinary tract of his penis, which areas, together with portions of his penis,

became covered with extremely painful and unsightly skin eruptions, which condition was aggravated and irritated each and every time he urinated, making his daily life difficult. Plaintiff had not suffered exposure to any kind of substance, infections or otherwise, or any kind of irritant that could have produced the foregoing condition with the exception of the administration of such test as described in the above paragraphs, as a matter of personal knowledge.

    ANSWER:    Defendants deny the allegations in this paragraph 8.

9. The condition of plaintiff's swollen urinary tract and penis, and the aggravation with respect to said condition was the direct and proximate result of the insertion of a swab with such foreign substance into the plaintiff's penis or was directly and proximately of some substance unknown to plaintiff contained in, on or about or used in connection with the swab, all of which resulted in the plaintiff suffering emotional and psychological distress, involving an aggravation, inconvenience, and sleep deprivation due to pain and suffering, as a matter of personal knowledge.

    ANSWER:    Defendants deny the allegations in this paragraph 9.

10. The insertion of a swab with a foreign substance into the penis of pretrial detainees was conducted in accordance with an explicit policy of defendant MICHAEL SHEAHAN in an exercise of his policy-making-authority as Sheriff of Cook County in a reckless manner or, in alternative, was an encouraged practice that was so permanent and well-settled at the Cook County Jail that it constitutes a custom or usage with the force of law.

    ANSWER:    Defendants deny the allegations in this paragraph 10.

11. The insertion of a swab with a foreign substance into the penis of pretrial detainees was conducted in accordance with an explicit policy of defendant JANE/JOHN DOE in an exercise of his or her policy-making-authority as Director of Cermak Health Services in a reckless manner or, in alternative, was an encouraged practice that was so permanent and well-settled at the Cook County Jail that it constitutes a custom or usage with the force of law.

ANSWER: Defendants deny the allegations in this paragraph 11.

### First Cause of Action

12. At all times relevant herein, defendant MICHAEL SHEAHAN, was a county employee, while acting under the color of law and within the scope of his employment as Sheriff of Cook County. He is being sued in his individual and official capacity.

ANSWER: Defendants deny the allegations in this paragraph 12.

13. Plaintiff realleges paragraphs 1 thru 12, as though fully stated and incorporated herein.

ANSWER: Defendants reassert their same answers to paragraphs 1-12 as if these allegations were set out here in paragraph 13.

14. As a direct and proximate cause of the defendant's willful and wanton misconduct, undertaken with reckless disregard for the rights or others, the plaintiff was deprived of his rights, privileges, immunities, the laws and Constitution of the United States, in particular:

a. The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendment of the United States Constitution.

ANSWER: Defendants deny the allegations in this paragraph 14.

15. As a direct and proximate cause of the defendant's willful and wanton misconduct, undertaken with reckless disregard of the rights of others, the plaintiff suffered an actual injury asserted in paragraphs 3 thru 9 above.

ANSWER: Defendants deny the allegations in this paragraph 15.

## Second Cause of Action

16. At all times relevant herein, defendant COOK COUNTY, ILLINOIS is a municipality for a local government within the state of Illinois. The defendant is being sued in hits name for damages where the wrong complained of herein was the product of a policy or custom of COOK COUNTY.

ANSWER: Defendants deny the allegations in this paragraph 16.

17. Plaintiff realleges paragraphs 1 thru 16, as though fully stated and incorporated herein.

ANSWER: Defendants reassert their same answers to paragraphs 1-16 as if these allegations were set out here in paragraph 17.

## Monell Claim

18. As the direct and proximate result of the above referred policy, plaintiff incurred pain and suffering and was deprived or rights secured by the Fourth and Fourteenth Amendments.

ANSWER: Defendants deny the allegations in this paragraph 18.

## Third Cause of Action

19.     At all times relevant herein, defendant JANE/JOHN DOE, was a private individual contracted by a local government agency to provide health care services to pre-trial detainees, while acting the color of law created by a symbiotic relationship and within the scope of his or her employment as Director of Cermak Health Care Services.  He or she is being sued in his or her individual and official capacity.

ANSWER:     Defendants deny the allegations in this paragraph 19.

20.     Plaintiff realleges paragraphs 1 thru 19, as though fully stated and incorporated herein.

ANSWER:     Defendants reassert their same answers to paragraphs 1-19 as if these allegations were set out here in paragraph 20.

21.     As a direct and proximate cause of the defendant's willful and wanton misconduct, undertaken with reckless disregard for the rights or others, the plaintiff was deprived of his rights, privileges, immunities, the laws and Constitution of the United States, in particular:

a.     The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendment of the United States Constitution.

ANSWER:     Defendants deny the allegations in this paragraph 21.

22. As a direct and proximate result of the defendant's willful and wanton misconduct, undertaken with reckless disregard of the rights of others, the plaintiff suffered an actual injury asserted in paragraphs 3 thru 9 above.

ANSWER: Defendants deny the allegations in this paragraph 22.

### Fourth Cause of Action

23. At all times relevant herein, defendant CERMAK HEALTH CARE SERVICES, INC., is a quasi-corporation created by contract with a municipal agency within the state of Illinois. The defendant is being sued in its name for damages where the wrong complained of herein was the product of a policy or custom of CERMAK HEALTH CARE SERVICES, INC.,

ANSWER: Defendants deny the allegations in this paragraph 23 and specifically deny that Cermak Health Services is a sueable entity.

24. Plaintiff realleges paragraphs 1 thru 23, as though fully stated in incorporated herein.

ANSWER: Defendants reassert their same answers to paragraphs 1-23 as if these allegations were set out here in paragraph 24.

25. As the direct and proximate result of the above referred policy, plaintiff incurred pain and suffering and was deprived of rights secured by the Fourth and Fourteenth Amendment of the United States Constitution.

ANSWER: Defendants deny the allegations in this paragraph 25.

WHEREFORE Defendants ask that this court dismisses the claims and enters judgment in favor of the defendants and that plaintiff take nothing.

## AFFIRMATIVE DEFENSES

1. For their first affirmative defense, Sheriff and County of Cook allege that if plaintiff underwent any medical screening he consented to such medical screening or the screening was such that consent was not required.

2. For its second affirmative defense, County of Cook alleges that its actions in requesting medical screening of detainees were both objectively reasonable and based on legitimate medical / governmental interests and not contrary to any clearly established federally protected right or law and not violative of the 4th Amendment.

3. For their third affirmative defense, Defendant affirmatively states that at all relevant times, the actions taken were done in good faith, pursuant to statutory obligation or based on legitimate penological and/or medical interests and therefore Plaintiffs' cause of action fails to implicate the Defendant because any alleged harm was not the result of deliberate indifference to Plaintiffs' constitutional rights.

4. For their fourth affirmative defense, Defendants state that Plaintiff was at all times a pretrial detainee or an incarcerated person and has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (a).

## JURY DEMAND

Defendants demand trial by jury as is their right under the 7th Amendment.

WHEREFORE, Defendants Sheriff of Cook County and the County of Cook request that judgment be entered in its favor and against the plaintiffs and proposed class and that the claims be dismissed. Defendant County of Cook also asks that the Court grant such additional relief as may be appropriate.

Respectfully submitted,

/s/ Francis J. Catania
Francis J. Catania
One of the Attorneys for Defendant

Francis J. Catania #ARDC 6203188
RICHARD A. DEVINE
Cook County State's Attorney
Richard J. Daley Center
50 W. Washington Street, Room 500
Chicago, IL 60602
(312) 603-6572