FILED
AUGUST 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED
AUG 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MARKUS CRAWFORD, pro se,

_____

_____
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.    Case No: 07 C 7041
       (To be supplied by the Clerk of this Court)

MICHEAL SHEAHAN, former sheriff

of Cook County, in his individual

capacity;

COOK COUNTY, ILLINOIS;

JANE/JOHN DOE, Director of Cermack

Health Care Services, in his or
her individual capacity.
(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**   **AMENDED COMPLAINT**

__XXX__   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

A. Name: MARKUS CRAWFORD

B. List all aliases: _____

C. Prisoner identification number: N-30639

D. Place of present confinement: PONTIAC CORRECTIONAL CENTER

E. Address: P.O. BOX 99, PONTIAC, ILLINOIS 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: MICHEAL SHEAHAN

   Title: former Sheriff of Cook County.

   Place of Employment: 2600 So. California Ave., Chicago, Illinois (60608)

B. Defendant: COOK COUNTY, ILLINOIS.

   Title: _____

   Place of Employment: _____

C. Defendant: JANE/JOHN DOE

   Title: Director of Cermak Health Care Services

   Place of Employment: Cermak Health Care Services, 2856 S. Cermak, Chicago, Illinois 60608

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised: 7/20/05

III. **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (X) NO ( )  If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (X) NO ( )

C. If your answer is **YES**:

1. What steps did you take?
Plaintiff filed two grievances (Mar.04) to the following C.C.Jail Employees;

A) Div. Nine (9) Counselor ,B) Div. Nine (9) Super Intendant

2. What was the result?
Plaintiff never received a response from Div. Nine's Counselor or Super Intendant

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

D. If your answer is **NO**, explain why not:

Revised: 7/20/05

E. Is the grievance procedure now completed? YES ( ) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( )

G. If your answer is **YES**:

1. What steps did you take?

   _____

   _____

   _____

2. What was the result?

   _____

   _____

   _____

H. If your answer is **NO**, explain why not:

   _____

   _____

   _____

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: <u>MARKUS CRAWFORD VS. DONALD SNYDER, NO. 02-1111-drh</u>

B. Approximate date of filing lawsuit: <u>On or about the year of 2002.</u>

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: <u>No co-plain-tiff</u>

D. List all defendants: <u>Donald Snyder; Mr. Badmacher; Johnathan Walls</u>

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): <u>Southern District</u>

F. Name of judge to whom case was assigned: <u>Judge Herndez</u>

G. Basic claim made: <u>Constitutional Rights violations</u>

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): <u>Dismissed</u>

I. Approximate date of disposition: <u>Unaware of the date.</u>

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised: 7/20/05

A) MARKUS CRAWFORD VS. DONALD SNYDER, NO. 03-1350

B) NOT APPLICABLE

C) NONE

D) DONALD SNYDER, ROBERT BIGGS, EVA MOORE, ANDREW WILSON, ROBERT DIXON, JOHNATHAN WALLS, C. HOSKINS, W. REES, MR. SIZEMORE.

E) CENTRAL DISTRICT

F) HAROLD BAKER

G) CONSTITUTIONAL VIOLATIONS

H) SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS

I) UNAWARE OF THE APPROXIMATE DATE OF SAID JUDGMENT

V.  Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. As a matter of Public Record, on or about, February 1, 2006, Robert Jackson, Joseph McGrath, and Derrell Smith entered a joinder and sought class certification in a cause filed against the defendants named herein before this Court.[1] On December 14, 2006, United States District Judge David H. Coar ordered that the case could proceed as a class action. The Court denied cross motions for summary judgment on March 23, 2007, and set the case for trial on June 18, 2007; after the parties' filed a joint pre-trial order and were fully prepared for trial, counsel for the parties were able to negotiate a settlement. Subsequent to receiving notice of said settlement, plaintiff MARKUS CRAWFORD filed a written motion to opt-out of the instant class in order to file a separate and independent action.

2. Upon personal Knowledge, on or about, March 27, 2004, plaintiff MARKUS CRAWFORD was admitted to the Cook County Jail as a pre-trial detainee under defendant MICHEAL SHEAHAN custody and control. As part of plaintiff admission to the jail, he was subjected to a non-consensual insertion of a swab into his penis.

3. Upon personal knowledge, the insertion of a swab into the plaintiff's penis unreasonably invaded his privacy, constituted an unauthorized medical procedure, and caused plaintiff personal injury and discomfort.

Footnote 1: A true and correct copy of a February 1, 2006 "CORRECTED AMENDED COMPLAINT" of Robert Jackson, Joseph McGrath, and Derrell Smith, is attached hereto, and incorporated as "EXHIBIT A."

Revised: 7/20/05

4. At the direction of an unknown Cook County Sheriffs, Plaintiff was forced without his consent to undergo the aforementioned test for determining, if, he had any sexually transmitted diseases, commonly referred to as a "S.T.D." test, which was adminstered to plaintiff by a person unknown to plaintiff, but plaintiff is informed and believes that such person was a health officer of Cermak Health Services, as a matter of personal knowledge.

5. The unknown health officer conducted the aforesaid test while using facilities present at Cook County Jail, which facilities were owned and maintained by Cook County, Illinois for the use and benefit of its Sheriff Department, as a matter of personal knowledge.

6. The aforesaid test was performed in pre-assembled cubicals surrounded by holding reserved for new admissions of pre-trial detainees; releasees; and overflow of pre-trial detainees returning from court at the Cook County Jail. During the administration of said test, and without any previous physical examination having been made of plaintiff nor an adequate medical record, a foreign substance was inserted in the plaintiff's penis where prior to a swab being inserted in his penis, such swab was dipped in a liquid. The precise content and character of this foreign substance was not made known to plaintiff, as a matter of personal knowledge.

7. Upon personal knowledge, the insertion of a swab dipped in a foreign substance into plaintiff's penis was conducted in a manner reasonably calculated to spread disease: the person who inserted the swab into plaintiff penis wore the same gloves when he inserted a swab into the penis of numerous other pre-trial detainees.

8. At the time of the test, plaintiff was not suffering from disease or disability whatever, but a short while after plaintiff was subject to this test he suffer extreme swelling in the lining of the urinary tract of his penis, which areas, together with portions of his penis, became covered with extremely painful

and unsightly skin eruptions, which condition was aggravated and irritated each and every time he urinated, making his daily life difficult. Plaintiff had not suffered exposure to any kind of substance, infectious or otherwise, or any kind of irritant that could have produced the foregoing condition with the exception of the administration of such test as described in the above paragraphs, as a matter of personal knowledge.

9. The condition of plaintiff's swollen urinary tract and penis, and the aggravation with respect to said condition was the direct and proximate result of the insertion of a swab with such foreign substance into the plaintiff's penis or was directly and proximately of some substance unknown to plaintiff contained in, on or about or used in connection with the swab, all of which resulted in the plaintiff suffering emotional and psychological distress, involving an aggravation, inconvenience, and sleep deprivation due to pain and suffering, as a matter of personal knowledge.

10. The insertion of a swab with a foreign substance into the penis of pretrial detainees was conducted in accordance with an explicit policy of defendant MICHEAL SHEAHAN in an exercise of his policy-making-authority as Sheriff of Cook County in a reckless manner or, in alternative, was an encouraged practice that was so permanent and well-settled at the Cook County Jail that it constitutes a custom or usage with the force of law.

11. The insertion of a swab with a foreign substance into the penis of pretrial detainees was conducted in accordance with an explicit policy of defendant JANE/JOHN DOE in an exercise of his or her policy making-authority as Director of Cermak Health Services in a reckless manner or, in alternative, was an encouraged practice that was so permanent and well-settled at Cook County Jail that it constitutes a custom or usage with the force of law.

### First Cause of Action

12. At all times relevant herein, defendant MICHEAL SHEAHAN, was a county employee, while acting under the color of law and within the scope of his employment as Sheriff of Cook County. He is being sued in his individual and official capacity.

13. Plaintiff realleges paragraphs 1 thru 12, as though fully stated and incorporated herein.

14. As a direct and proximate cause of the defendant's wilful and wanton misconduct, undertaken with reckless disregard for the rights of others, the plaintiff was deprived of his rights, privileges, immunities, the laws and Constitution of the United States, in particular:

>   (a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendment of the United States Constitution.

15. As a direct and proximate cause of the defendant's wilful and wanton misconduct, undertaken with reckless disregard of the rights of others, the plaintiff suffered an actual injury asserted in paragragh 3 thru 9 above.

### Second Cause of Action

16. At all times relevant herein, defendant COOK COUNTY, ILLINOIS is a municipality for a local government within the state of Illinois. The defendant is being sued in its name for damages where the wrong complained of herein was the product of a policy or custom of COOK COUNTY.

17. Plaintiff realleges paragraphs 1 thru 16, as though fully stated and incorporated herein.

### Monell Claim

18. As the direct and proximate result of the above referred policy, plaintiff incured pain and suffering and was deprived of rights secured by the Fourth and Fourteenth Amendments.

### Third Cause of Action

19. At all times relevant herein, defendant JANE/JOHN DOE, was a private individual contracted by a local government agency to provide health care services to pre-trial detainees, while acting the color of law created by a symbiotic relationship and within the scope of his or her employment as Director of Cermak Health Care Services. He or she is being sued in his or her individual and official capacity.

20. Plaintiff realleges paragraphs 1 thru 19, as though fully stated and incorporated herein.

21. As a direct and proximate cause of the defendant's wilful and wanton misconduct, undertaken with reckless disregard for the rights of others, plaintiff was deprived of his right, privileges, immunities, the law, and Constitution of the United States, in particular:

> (a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendment of the United States Constitution.

22. As a direct and proximate result of the defendant's wilful and wanton misconduct, undertaken with reckless disregard of the rights of others, the plaintiff suffered an actual injury asserted in paragraphs 3 thru 9.

### Fourth Cause of Action

23. At all times relevant herein, defendant CERMAK HEALTH CARE SERVICES, INC.,

is a quasi-corporation created by contract with a municipal agency within the state of Illinois. The defendant is being sued in its name for damages where the wrong complained of herein was the product of a policy or custom of CERMAK HEALTH CARE SERVICES, INC.,

24. Plaintiff realleges paragraphs 1 thru 23, as though fully stated and incorporated herein.

25. As the direct and proximate result of the above referred policy, plaintiff incured pain and suffering and was deprived of rights secured by the Fourth and Fourteenth Amendment of the United States Constitution.

VI. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

26. An Award of compensatory damages for the amount of $250,000.00 against each defendant.

27. An Award of punitive damages for the amount of $50,000.00 against each defendant in their official capacity.

28. An Award of punitive damages for the amount of $50,000.00 against each defendant in their individual capacity for those acts or omission found to be wilful and wanton or reckless.

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 28-th day of July, 2008

_(signature)_

(Signature of plaintiff or plaintiffs)

MARKUS CRAWFORD
(Print name)

N-30639
(I.D. Number)

700 W. LINCOLN AVE./P.O. BOX 99,

PONTIAC, ILLINOIS 61764

(Address)

Revised: 7/20/05

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JACKSON, JOSEPH McGRATH, and DERRELL SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 06 CV 493 |
| -vs- | ) ) ) | (Judge Coar) |
| SHERIFF OF COOK COUNTY, COOK COUNTY, ILLINOIS, AND DIRECTOR, CERMAK HEALTH SERVICES, | ) ) ) ) | |
| Defendants. | ) | |

## CORRECTED AMENDED COMPLAINT

Plaintiffs, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Robert Jackson, Joseph McGrath, and Derrell Smith are residents of the Northern District of Illinois.

3. Defendants are the Sheriff of Cook County, Cook County, Illinois and the Director of Cermak Health Services. The Sheriff and Director are each sued in his (or her) official capacity, only.

4. On or about February 4, 2004, plaintiff Robert Jackson was admitted to the Cook County jail as a pre-trial detainee.

5. On or about December 27, 2005, Joseph McGrath was admitted to the Cook County jail as a pre-trial detainee.

- 2 -

6. On or about July 20, 2004, Derrell Smith was admitted to the Cook County jail as a pre-trial detainee.

7. As part of their admission to the jail, each plaintiff was subjected to the non-consensual insertion of a swab into his penis.

8. The insertion of a swab into each plaintiff's penis unreasonably invaded his privacy, constituted an unauthorized medical procedure, and caused each plaintiff personal injury and discomfort.

9. The insertion of a swab into each plaintiff's penis was conducted in a manner reasonably calculated to spread disease: the person who inserted the swab into each plaintiff's penis wore the same pair of rubber gloves when he inserted a swab into the penis of numerous other pre-trial detainees.

10. The insertion of a swab into the penis of pre-trial detainees was conducted in accordance with an explicit policy of the Sheriff of Cook County or an explicit policy of Cermak Health Services or, in the alternative, was a practice that was so permanent and well-settled at the Cook County Jail that it constitutes a custom or usage with the force of law.

11. As the direct and proximate result of the above referred policy, each plaintiff, and all other persons subjected to the above referred policy, incured pain and suffering and was deprived of rights secured by the Fourth and Fourteenth Amendments.

12. Plaintiffs bring this action for a class of all male pre-trial detainees at the Cook County Jail who, on and after January 27, 2004, was subjected to the non-consensual insertion of a swab into his penis as part of his

- 3 -

admission to the jail. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. The relief sought is appropriate damages for each person subjected to the policy and class certification is appropriate under Rules 23(b)(3).

13. Plaintiff hereby demands trial by jury.

Wherefore each plaintiff requests that judgment be entered in his favor in an amount in excess of one hundred thousand dollars, that judgment be entered in favor of the proposed class and that the Court grant such relief for the each member of the proposed class as may be appropriate.

/s/ Kenneth N. Flaxman

-----

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com


THOMAS G. MORRISSEY
10249 South Western Avenue
Chicago, Illinois 60643

(773) 233-7900 (phone)
(773) 239-0387 (fax)
tgmlaw@ameritech.net

*attorneys for plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: NONE and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: NONE.

/s/ Kenneth N. Flaxman

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)

IN THE

__United States District Court__
__Northern District of Illinois Eastern__
__Division__

__Markus Crawford__
Plaintiff/Petitioner

Vs.  No. __07 c 7041__

__Micheal Sheahan et. al.__
Defendant/Respondent

## PROOF/CERTIFICATE OF SERVICE

TO: __Clerk of Court__  TO: __Francis J. Catania / Atty.__
__219 S. Dearborn__      __500 Richard J. Daley center__
__Chgo, Il. 60604__      __Chgo. Il. 60602__
__c/o Prisoner Correspond__

PLEASE TAKE NOTICE that on __7-28__, 200 __8__, I placed the documents listed below in the institutional mail at _____ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service __The Original And Two (2) copies of plaintiff's Amended Complaint. And Mailing copy to defendants Atty. named above. And Exhibit(s)__

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: __7-28-08__

/s/ __Markus Crawford__
Name: __Markus Crawford__
IDOC No. __████-N 30635__
__Pontiac__ Correctional Ctr.
POB __99__
__Pontiac__, IL __61764__